BARROW v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS. (No. 1137.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 10, 1914.)

1. APPEAL AND ERROR (§ 1170*)—REVERSIBLE ERROR—REPETITION OF CHARGE—RULE OF COURT.

Under rule 62a for Courts of Civil Appeals (149 S. W. x), forbidding reversal on the ground of error of law in the trial, unless the appellate court believes that it was such

a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment, or prevented the appellant from making a proper presentation to the appellate court, the giving of defendant's special charges, which were repetitions of the general charge and alleged to have emphasized the defenses of assumed risk and contributory negligence, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

2. APPEAL AND ERROR (§ 1170*)—REVERSIBLE ERROR—CHARGES—RULE OF COURT.

Under such rule, a charge authorizing a verdict for defendant on a finding that the condition of the footboard and hose was not due to defendant's negligence in failing to inspect and repair them, in view of the alleged negligence in allowing them to become and remain out of repair, was not reversible error, since the jury might understand that they were to base their finding on allowing them to become and remain out of repair, and not on defendant's failure to furnish in the first instance reasonably safe instrumentalities.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by George S. Barrow against the St. Louis Southwestern Railway Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

This is an action for damages for alleged injuries occasioned through negligence. Besides denial of negligence, the appellee pleaded contributory negligence and assumed risk. Trial was had to a jury, and it resulted in a verdict for the appellee company.

Appellant was in the service of appellee as head brakeman of a freight train. On the arrival of the train at the terminal station of Tyler, it became necessary to store certain cars in the train on the storage track; and in order to do this the locomotive of the train pulled north on the track, the switch being opened, where the cars were to be stored. The cars, being on the storage track, were uncoupled from the engine, and the engine backed south over the switch on the main track for the purpose of taking it to the roundhouse. In accordance with instructions from the conductor, the appellant boarded the engine to notify the engineer that the work was done and the engine could be taken to the roundhouse. After repeating the message to the engineer, the appellant attempted to descend, while the engine was moving, from the rear of the engine tender, in order to take a position upon the rear footboard to keep a lookout while the engine was backing in the yards. In attempting to place his right foot on the footboard of the tender, appellant's foot slipped off the board; and grasping, as he was in the act of falling, a rod extending along the rear end of the tender, appellant held in this position until his hold was broken loose.

There was evidence on the part of plaintiff going to show that there were defects in the footboard, in that it was deflected and slanting from its natural position and proper angle, and was wet and slippery by reason of a leaky condition of the water hose on the tank. There was sufficient evidence, though conflicting, to sustain the pleas of contributory negligence and assumed risk.

Lasseter & McIlwaine and N. A. Gentry, all of Tyler, for appellant. Marsh & McIlwaine, of Tyler, and D. Upthegrove and E. B. Perkins, both of Dallas, for appellee.

LEVY, J. (after stating the facts as above). [1] The first and second assignments of error are directed to special charges given to the jury at the request of appellee in respect to assumed risk and contributory negligence. The objection is that the special charges are repetitions of the general charge upon those subjects, and the effect is to emphasize the defense. It is not believed that the giving of the charges was such error as to require a reversal of this case. Rule 62a (149 S. W. x).

The special charge complained of in the third assignment of error is not, it is thought, affirmatively erroneous.

[2] The two paragraphs of the court's charge complained of in the fourth and fifth assignments of error are not, in view of the grounds relied on by appellant for recovery, affirmatively erroneous. The portion of the charge complained of authorized a verdict for the defendant upon the finding of the jury that the condition of the footboard and the hose was not occasioned by the negligence of the company in failing to inspect and repair the footboard and hose, one or both. One of the two distinct grounds of alleged negligence was that defendant "allowed said hose to become and remain out of repair," and "in allowing said foot or running board to get in bad repair as aforesaid." The jury might reasonably understand from the language of the instruction that the court was directing them to measure their finding in respect only to the particular ground of allowing the two instrumentalities to become and remain out of repair, and not "to failure to furnish," in the first instance, "reasonably safe instrumentalities." It is concluded that the objection does not justify a reversal of this case. Rule 62a.

Judgment affirmed.